IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-529-BO

| | | |
|---|---|---|
| CALVIN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 34 & 37]. A hearing on this matter was held in Raleigh, North Carolina on August 16, 2013. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Administrative Law Judge is AFFIRMED.

## BACKGROUND

On April 9, 2010, the plaintiff filed for disability insurance benefits. On May 11, 2010, the plaintiff filed for supplemental security income. Plaintiff alleged an onset date of December 30, 2009. His applications were denied initially and upon reconsideration. Plaintiff appeared for an administrative hearing before an Administrative Law Judge (ALJ) on October 5, 2011. Subsequently, the ALJ issued an opinion finding the plaintiff not disabled. On June 20, 2012, the Appeals Council denied the plaintiff's request for review rendering the ALJ's opinion the final decision of the commissioner. The plaintiff now seeks review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c).

## MEDICAL HISTORY

Plaintiff was hospitalized in January, 2010 with diagnoses of psychotic disorder and alcohol dependence. [Tr. 256]. Plaintiff had been hearing voices and was afraid to stay by himself. [*Id.*]. During his five day hospitalization, plaintiff started taking medications including Invega for psychosis and Ambien for sleep which resulted in improvement in his condition. [*Id.*].

Following his hospitalization, plaintiff began outpatient treatment with Charlene Kelly, MSW, PLCSW at Cumberland County Mental Health Center ("CCMHC"). [Tr. 285–93]. On January 14, 2010 Ms. Kelly diagnosed plaintiff with a psychotic disorder, not otherwise specified by history; alcohol dependence in partial full remission; and hypertension. [Tr. 285]. She ruled out a substance induced mood disorder. [*Id.*]. At this time, and five days later, plaintiff's Global Assessment of Functioning ("GAF") rating was 55. [Tr. 285, 292].

In March 2010 plaintiff saw Barbara Wise. M.D. for treatment at CCMHC complaining about sleeplessness and an inability to afford sleep medication. [Tr. 295–96]. Dr. Wise stated that plaintiff's psychosis was responding to Invega and his GAF rating was 55. [Tr. 296]. In April 2010 plaintiff again saw Dr. Wise who stated that his psychosis was controlled with Invega and his GAF rating was 55. [Tr. 297]. Plaintiff did not report any further suicidal or homicidal thoughts and there was no evidence of current delusions or hallucinations through October 2010 but started taking Trazadone for sleep loss. [Tr. 299–301]. In February 2011, plaintiff reported a hospitalization to Dr. Singh after complaining of command auditory hallucinations telling plaintiff to kill himself. [Tr. 307]. Plaintiff had been admitted to the emergency room with a blood alcohol content of .318. [*Id.*] Dr. Singh maintained the psychosis diagnosis, increased plaintiff's medication dosage, and changed the diagnosis of alcohol dependency to alcohol abuse.

[*Id.*]. Plaintiff's condition remained stable throughout 2011 during which only his Trazadone prescription increased. [Tr. 205–06].

However, in January 2012, Dr. Singh noted a significant deterioration in plaintiff's condition in a medical source statement. [Tr. 308–12]. Dr. Singh indicated plaintiff had a marked loss in ability to perform basic work-related mental activities in 19 of 24 areas. [Tr. 309–11]. Overall, Dr. Singh felt plaintiff had marked restriction of activities of daily living; marked difficulties in maintaining social functioning, frequent deficiencies of concentration, persistence, or pace; and continual episodes of deterioration or decompensation in work or work-life settings. [Tr. 311]. Plaintiff also testified to having a history of right ankle injury. [Tr. 18].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments

significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, after proceeding through the sequential five-step evaluation the ALJ found that the defendant was not disabled. At step four, the ALJ determined that plaintiff had the RFC to perform medium work with additional limitations including that plaintiff could sit, stand, or walk for six hours in each eight-hour work day as long as he had an opportunity to sit after 30 minutes on his feet; could occasionally climb and frequently perform all other postural activities; had to avoid hazards; could only do simple, routine tasks; and could have no public contact or more than occasional interpersonal contact incidental to work. [Tr. 19–22]. The ALJ found plaintiff unable to perform any of his past relevant work. [Tr. 22]. At step five, the ALJ considered plaintiff's age, education, work experience and RFC in conjunction with testimony from a vocational expert, and found that jobs existed in significant numbers in the national economy that plaintiff could perform. [Tr. 23]. Accordingly, the ALJ found plaintiff was not disabled as

defined in the Social Security Act. This finding is supported by substantial evidence and should not be disturbed by this Court.

Plaintiff argues he submitted new evidence that was improperly denied review by the Appeals Council. The Appeals Council must consider evidence submitted by a claimant with the request for review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision. *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95–96 (4th Cir. 1991). Evidence is new if it is not duplicative or cumulative, and material if there is "a reasonable possibility that the new evidence would have changed the outcome of the case. *Id.* at 96. "[T]he Appeals Council must consider new and material evidence relating to the period prior to the ALJ decision in determining whether to grant review, even though it may ultimately decline review." *Id.* at 95. However, the Appeals Council does not need to explain its reason for denying review of an ALJ decision. *Meyer v. Astrue*, 662 F.3d 700, 702 (4th Cir. 2011).

Plaintiff describes Dr. Singh's medical source statement which he submitted to the Appeals Counsel, but not the ALJ, as new and material evidence relating to the period on or before the date of the ALJ's decision. The Appeals Council considered this evidence but did not grant review. [Tr. 1–2, 4]. The Appeals Council did not err in denying review because the Court finds that the evidence is neither new nor material, and because substantial evidence in the record as a whole supports the ALJ's decision.

Dr. Singh's report is not new because it is cumulative and derivative of other evidence already existing in the record. Dr. Singh based his report on his treatment of plaintiff, the notes of which exist in the record. [Tr. 308]. The ALJ expressly considered these notes. [Tr. 21–22]. Dr. Singh's report is not material because the severity of the limitations he describes is

inconsistent with his treatment notes and the other evidence of record. Two different treating professionals assessed plaintiff as having a GAF of 55 which is consistent with only "moderate" symptoms or functional limitations. [Tr. 21]. The ALJ also noted that plaintiff's condition improved over the course of his treatment despite plaintiff's recent claims of a worsening condition. [*Id.*]. The ALJ carefully considered all of the evidence in the record in making this determination and Dr. Singh's report is too inconsistent with the other substantial evidence of record to be granted significant weight by the Court. The ALJ's findings are supported by substantial evidence, and the Appeals Council did not err in denying review based on Dr. Singh's report, and, as such, it is proper to affirm the ALJ's determination that the claimant is not disabled and not entitled to benefits.

## CONCLUSION

For the reasons outlined above, plaintiff's motion for judgment on the pleadings is DENIED, defendant's motion for judgment on the pleadings is GRANTED. The decision of the Administrative Law Judge is AFFIRMED.

SO ORDERED.

This, the ___9___ day of September, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE